**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4353**

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

     v.

DARYL W. SMITH, a/k/a D-Nice,

           Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Frederick P. Stamp, Jr., Senior District Judge. (1:03-cr-00039-FPS-JES-9)

Submitted: December 12, 2018          Decided: December 19, 2018

Before NIEMEYER and AGEE, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Brendan S. Leary, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Wheeling, West Virginia, for Appellant. David J. Perri, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daryl W. Smith appeals the district court's order revoking his supervised release and sentencing him to 12 months of imprisonment, followed by 5 years of supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the sentence is plainly unreasonable. Smith was advised of his right to file a pro se supplemental brief, but has not done so. Finding no error, we affirm.

We review a sentence imposed as a result of a supervised release violation to determine whether the sentence is plainly unreasonable. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). The first step in this analysis is a determination of whether the sentence is unreasonable; in making this determination, we follow the procedural and substantive considerations employed in reviewing original sentences. *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006). Although a district court must consider the policy statements in Chapter Seven of the Sentencing Guidelines along with the statutory factors, "the court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." *Id.* at 439 (internal quotation marks omitted). If a sentence imposed after a revocation is not unreasonable, we will not proceed to the second prong of the analysis—whether the sentence is plainly unreasonable. *Id.* at 438-39.

Moreover, a district court must adequately explain a revocation sentence, "whether the [] court imposes an above, below, or within-Guidelines sentence*." United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted). "A

2

court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *Id.* (internal quotation marks omitted). In conducting the individualized assessment, the court must consider the defendant's nonfrivolous arguments for a sentence outside of the Guidelines range. *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017). We have thoroughly reviewed the record and conclude that the district court properly calculated and considered the advisory Guidelines range and the statutory sentencing factors, and sufficiently explained the chosen sentence, rejecting Smith's arguments for a sentence of time served. We further conclude that the sentence is not substantively unreasonable. It follows, therefore, that the sentence is not plainly unreasonable.

We have examined the entire record in accordance with the requirements of *Anders* and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Smith, in writing, of the right to petition the Supreme Court of the United States for further review. If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Smith. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*